# BERT WEBSTER v. LULL ENGINEERING AND ANOTHER.

243 N. W. 2d 736.

June 25, 1976—No. 45618.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Robert J. McGuire,* for relators.

*Zimmerman & Bix* and *Manly A. Zimmerman,* for respondent.

PETERSON, JUSTICE.

The employee was involved in two work-related accidents, which give rise to this disputed claim for temporary total disability under the workers' compensation statute. On July 30, 1970, he injured his left shoulder, ribs, and side. On February 26, 1971, he injured his right arm. Within 2 months after the first injury, he noticed a loss of grasping strength in his left arm. Between 1 and 2 months after the second injury, he experienced similar symptoms in his right hand and arm. After undergoing ulnar nerve transplants at each elbow, the employee returned to work in January 1972.

The employee terminated his employment in March 1973 because of chronic pain in both arms and because the loss of grasping strength in both hands made it impossible for him to perform his duties. He feels incapable of working full time and has not returned to work or undertaken to find other employment. An employment expert testified that in his opinion the employee could not physically perform any job that incorporated the major traits he had utilized throughout his work history.

The medical experts who testified at the compensation hearing agreed as to the diagnosis of the employee's problem, bilateral ulnar palsy, but expressed conflicting opinions as to the underlying cause of this condition. One attributed the condition to the accidents sustained at work; another to arteriosclerosis; and a third to unknown etiology. At the request of the employer and the insurer, the compensation judge appointed a neutral physician who concluded that the injuries sustained at work were substantial contributing causes of the employee's disability. The compensation board awarded benefits for continuing temporary total disability and recommended that the employee report to the Department of Vocational Rehabilitation to be evaluated for retraining.

The employer and insurer contend, first, that the board erred in accepting the testimony of the neutral physician after it was disclosed that he had consulted with one of the treating physicians. A neutral physician's consultation with another physician, particularly if that other physician is a witness, is not to be encouraged if only because it has the appearance of impairing his neutrality. Consultation with the treating physician may nevertheless be permissible if it is scrupulously confined to objective matters necessary to reaching an informed opinion and if such consultation is fully disclosed to the adverse parties and to the board. We think, on this record, the neutrality of the appointed physician was not fatally compromised in view of the fact that the treating physician and the appointed physician were of diametrically opposed opinions as to whether the ulnar palsy was employment related.

The employer and insurer challenge, in addition, the sufficiency of the evidence in support of the compensation board's findings that the employee is temporarily and totally disabled and that such disability was causally related to his employment. Even though the sufficiency of the evidence concerning the total disability may be marginal since the employee did not attempt to find other employment, we conclude from a review of the en-

tire record that the findings are not without requisite evidentiary support and should be affirmed. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.